**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD P. KOWALSKI,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LINDA M. SCOTT** | : | **No. 02-CV-7197** |
| **COMPSERVICE INC.** | : | |
| **FACTICON INC.,** | : | **Judge VanAntwerpen** |
| **NANCY SHUTT** | : | |
| **BRIAN E. WHITE and** | : | |
| **INVESTIGATOR EO,** | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANTS', FACTICON, INC., BRIAN E. WHITE, INVESTIGATOR EO'S**
**REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, Facticon, Inc., Brian E. White and Investigator EO, by and through their counsel, Kelly Grimes Pietrangelo & Vakil, P.C., hereby submits this Reply Brief in support of their Motion for Summary Judgment, as follows:

**I. Argument:**

The Facticon Defendants submit this document simply to address the shortcomings of the two documents – dated April 22, 2004 – supplied by Plaintiff in response to the subject Motion for Summary Judgment, which are: a) the "Counterstatement of Undisputed Material Fact" and b) the "Brief in Opposition to Facticon Defendants' Motion for Summary Judgment." In particular, both documents contain no reference to deposition transcripts[1], affidavits, or other forms of viable

---

[1] On three occasions, Plaintiff references deposition testimony from Defendant, Linda Scott, that is attached as an Exhibit to the Facticon Defendants' Motion for Summary Judgment. However, Plaintiff's reference to such testimony does not quote from it or provide a summary of the testimony that can reasonably be traced to same. In essence, these references are meaningless in terms of a valid response to the pending Motion.

evidence upon which this Court can adjudicate the defense to the Motion. Rather, Plaintiff simply relies upon the contents of his Complaint.

Federal Rule of Civil Procedure 56(e) provides that an party adverse to a summary judgment motion may not rest upon the mere allegations or denials of his pleading, but the response to a summary judgment motion must set forth specific facts showing there to be a genuine issue of material fact for trial. See also First Nat'l Bank v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). If such a response is not made, summary judgment is appropriate as a matter of law. Id.

Here, Plaintiff's response to the subject Motion for Summary Judgment is little more than a reference to his Complaint and a summary of arguments, innuendos and theories – based upon no evidence of record – made by his attorney. The Facticon Defendants request this Court to deem Plaintiffs "responses" to the subject Motion for Summary Judgment as a legal nullity, and to enter summary judgment as a matter of law in their favor.

KELLY GRIMES PIETRANGELO & VAKIL, P.C.

By: ______________________________

**SEAN V. KEMETHER, ESQUIRE**
Attorney for Defendants, Facticon, Inc., Brian E. White and Investigator EO

Date: April 26, 2004